UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| KRISTOPHER KANABLE, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 2:20-cv-00633-JMS-MG |
| RAJOLI, PEARISON, HARTZ,[1] WHITE, | ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANT HARTZ AND WHITES'
MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Kristopher Kanable, an Indiana prisoner, filed this civil rights action based on an incident that occurred on May 5, 2020, at Wabash Valley Correctional Facility. Mr. Kanable claims that Officer Steven Hartz and Officer Brandon White used excessive force against him, and such force violated his Eighth Amendment rights. Officers Hartz and White now seek summary judgment on Mr. Kanable's claims. They argue that their actions were constitutional because they were intended to maintain or restore discipline and, in any event, they are entitled to qualified immunity, because their conduct was not clearly prohibited. Because there is no genuine issue of material fact, the officers' motion for summary judgment, dkt. [90], is **GRANTED.**

### I. Standard of Review

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a

---

[1] The **clerk is directed** to update the docket to reflect that Defendant "Hart" is spelled "Hartz".

1

matter of law. *Id.*; *Pack v. Middlebury Cmty. Sch.*, 990 F.3d 1013, 1017 (7th Cir. 2021); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (noting that a court must grant a motion for summary judgment if it appears that no reasonable trier of fact could find in favor of the nonmovant on the basis of the designated admissible evidence). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248. "Material facts" are those that might affect the outcome of the suit. *Id.*

"At summary judgment a party 'must go beyond the pleadings and support its contentions with proper documentary evidence.'" *Nelson v. Stevens*, 861 F. App'x 667, 670 (7th Cir. 2021) (quoting *Beardsall v. CVS Pharm., Inc.*, 953 F.3d 969, 972 (7th Cir. 2020) and (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 322-23. Additionally, "[a] party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment." *See* S.D. Ind. L.R. 56-1.

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572-73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court is only required to

consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

Further, "where a reliable videotape clearly captures an event in dispute and blatantly contradicts one party's version of the event so that no reasonable jury could credit that party's story, a court should not adopt that party's version of the facts for the purpose of ruling on a motion for summary judgment." *McCottrell v. White*, 933 F.3d 651, 661 (7th Cir. 2019) (citing *Scott v. Harris*, 550 U.S. 372, 380-81 (2007)). In this case, the Court had the benefit of reviewing *in camera* a video recording that depicted disputed facts at issue. *See* dkt. 93. The video evidence has been credited when it directly conflicts with Mr. Kanable's testimony.

## II. Factual Background

The following statement of facts has been evaluated pursuant to the standard set forth above. The facts are considered undisputed except to the extent that disputes of fact are noted.

At all times relevant to the Complaint, Mr. Kanable was confined at Wabash Valley where Officers Steven Hartz and Brandon White were employed as correctional officers. Dkt. 30 at 1.

On May 5, 2020, at approximately 9:15 a.m., Officers Hartz and White were to escort Mr. Kanable from his cell to the showers. Dkt. 90-13 at 1. Mr. Kanable was handcuffed behind his back. Dkt. 99 at 2. As Mr. Kanable's cell door was opening he said, "I'm gonna see it to you." Dkt. 90-13 at 6. After exiting his cell, Mr. Kanable went up close to Officer White and said something to him. Dkt. 94 at 0:30-00:35. Mr. Kanable testified at his deposition that he said, "Hey, man, when I'm in my room, man, leave me alone. I don't bother you." Dkt. 90-1 at 5.

In response to Mr. Kanable's verbal remarks, Officer Hartz told Mr. Kanable his shower was cancelled and to return to his cell. Dkt. 90-2 at 6; dkt. 90-13 at 1.

Instead of complying with Officer Hartz's orders, Mr. Kanable turned and attempted to walk away from Officers White and Hartz in the direction of the showers. Dkt. 90-2 at 5. After Mr. Kanable refused to comply with Officer Hartz's orders, Officer Hartz turned Mr. Kanable around to gain compliance and pinned Mr. Kanable to the wall. Dkt. 94 at 00:38-00:42; Dkt. 90-13 at 3. Mr. Kanable continued to resist while against the wall, pushing his body weight away from the wall into Officers Hartz and White. Dkt. 94 at 00:44-00:48. In response to Mr. Kanable's resistance, Officer White wrapped his arms around Mr. Kanable, As they struggled Officer White, Officer Hartz, and Mr. Kanable went to the ground. *Id.* at 00:50-00:53; dkt. 90-13 at 3. Mr. Kanable landed on top of Officer Hartz, and slid forward into the wall. Dkt. 94 at 00:48-00:51. Officer White positioned himself on top of Mr. Kanable and Officer Hartz to secure Mr. Kanable until compliance was gained. *Id.* at 00:51-00:55.[2]

Later that day, Mr. Kanable was seen by nursing staff. Dkt. 90-4.

### III. Discussion

Mr. Kanable argues that he was subjected to excessive force in violation of the Eighth Amendment. The defendant officers argue that they are entitled to judgment as a matter of law because the evidence fails to show that the use of force was unconstitutional and because they are entitled to qualified immunity. Dkt. 91 at p. 5-6

**A. Eighth Amendment**

The "unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (citation and quotation marks omitted). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a

---

[2] Mr. Kanable testified in his declaration that he did not resist the officers, but his testimony is disregarded given the video evidence of the events in question. Dkt. 99.

good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm" *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (citation and quotation marks omitted); *see Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam). To evaluate this question, the court weighs "several factors, such as 'the need for the application of the force, the amount of force applied, the threat an officer reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury that force caused to an inmate.'" *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 619 (7th Cir. 2022) (quoting *Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004)). "A *de minimus* application of force is insufficient to support an Eighth Amendment excessive force claim; instead, the force must be repugnant to the conscience of mankind." *Stockton,* 44 F.4th at 619 (internal quotation and citation omitted). Additionally, to survive summary judgment, Mr. Kanable "must present evidence supporting 'a reliable inference of wantonness in the infliction of pain.'" *Id.* (citing *Whitley*, 475 U.S. at 322).

### B. Use of Force

Applying the factors discussed above, no reasonable jury could conclude that the officers used excessive force against Mr. Kanable.

First, the Court looks at the need for the application of force and the threat the officers perceived. *Santiago*, 599 F.3d at 757. When assessing whether force is necessary, the Court considers "the threat to the safety of the officers and the threat to the maintenance of good order and discipline in the institution." *Id*. Mr. Kanable argues in response to the motion for summary judgment that there is a material fact in dispute regarding whether he threatened or disobeyed the officers before force was employed. But the video shows that after Mr. Kanable was placed against the wall, he resisted the officers by bending his knees and leaning back into the officers.

The video reflects Mr. Kanable was resisting when he and the officers went to the floor to secure him. The video does not reflect that the officers' actions were extreme or more than necessary to gain Mr. Kanable's compliance.

Under these circumstances, Mr. Kanable has not presented any evidence to allow a reasonable jury to find that Officer Hartz or Officer White acted in bad faith. Instead, any reasonable jury viewing the video evidence would conclude that the force applied was necessary to restore discipline in the face of Mr. Kanable's resistance. *McCottrell*, 933 F.3d at 661 ("where a reliable videotape clearly captures an event in dispute and blatantly contradicts one party's version of the event so that no reasonable jury could credit that party's story, a court should not adopt that party's version of the facts for the purpose of ruling on a motion for summary judgment."); *see also Soto v. Dickey*, 744 F.2d 1260, 1270 (7th Cir. 1984) (reasoning that if an inmate "cannot be persuaded to obey [an] order, some means must be used to compel compliance" because discipline in a correctional institution is "essential if the prison is to function").

In the absence of any evidence that Mr. Kanable's federally secured rights were violated, Officers Hartz and White are entitled to summary judgment on Mr. Kanable's Eighth Amendment claim.

**C. Qualified Immunity**

The defendants also assert a qualified immunity defense. Qualified immunity protects government officials from damages liability unless they "violate clearly established statutory or constitutional rights." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Once the defense is raised, the plaintiff bears the burden of defeating it by showing (1) "that the defendant violated a constitutional right" and (2) that the constitutional right at issue "was clearly established at the time of the alleged violation." *Archer v. Chisholm*, 870 F.3d 603, 613 (7th Cir. 2017). "A failure

6

to show either is fatal for the plaintiff's case ...." *Id.* The analysis here ends at step one. For the reasons already explained, no reasonable jury could find that Officers Hartz and White violated Mr. Kanable's Eighth Amendment rights. Thus, the defendant Officers are entitled to qualified immunity.

### IV. Conclusion

For the reasons explained above, Officers Hartz and White's motion for summary judgment, dkt. [90], is **GRANTED.** The undisputed summary judgment record reflects that Mr. Kanable's Eighth Amendment rights were not violated, and the defendants are entitled to qualified immunity. No partial final judgment shall issue at this time because this Order does not resolve the denial of medical care claims alleged against Dr. Rajoli and Nurse Pearison.

**IT IS SO ORDERED.**

Date: 3/21/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

KRISTOPHER KANABLE
150495
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All Electronically Registered Counsel